IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Iron Workers St. Louis District Council Pension Fund, <br><br> Plaintiff(s), <br><br> v. <br><br> Zenith American Solutions, Inc. et al, <br><br> Defendant(s). | Case No. 13 C 7867 <br> Judge Virginia M. Kendall |

## ORDER

Motion to dismiss is granted in part and denied in part.

## STATEMENT

The Plaintiffs filed a four-count First Amended Complaint that seeks restitution for violations of the Employee Retirement Income Security Act ("ERISA") under 29 U.S.C. § 1132(a)(3), breach of fiduciary duty under ERISA pursuant to 29 U.S.C. § 1132(a)(2), breach of contract, and professional negligence. The Defendants have moved to dismiss all of the Plaintiffs' claims. For the reasons stated herein, this Court grants the Defendants motion in part and denies it in part. Specifically, this Court grants the Defendants' motion with respect to the Plaintiffs' state-law claims for breach of contract and professional negligence because ERISA preempts the Plaintiffs' claims. This Court also grants the Defendants' motion with respect to the Plaintiffs' claim under 29 U.S.C. § 1132(a)(3) to the extent it seeks restitution because the Plaintiffs have not pleaded that the Defendants received improper gains or benefits as a result of their alleged breach of fiduciary duty. But this Court denies the Defendants' motion with respect to the Plaintiffs' claim under 29 U.S.C. § 1132(a)(3) to the extent it seeks other equitable relief and with respect to the Plaintiffs' claim under 29 U.S.C. § 1132(a)(2) because the allegations contained in the First Amended Complaint, to include the documents referenced therein, do not show that the Plaintiffs' ERISA claims are time-barred when all reasonable inferences are drawn in the Plaintiffs' favor.

For purposes of this motion, this Court takes all well-pleaded allegations as true and draws all reasonable inferences based on those allegations in the Plaintiffs' favor. Golden v. State Farm Mutual Automobile Insurance Co., 745 F.3d 252, 255 (7th Cir. 2014). The Plaintiffs entered into an Administrative Services Agreement with TEDRO & Associates, Inc. on January 26, 1995. (Dkt. No. 6 at ¶ 9.) TEDRO agreed to serve as a third-party administrator for the Plaintiffs, which are a collection of funds for the Iron Workers St. Louis District Council. (Dkt. No. 6 at ¶¶ 9-10.) As part of the Administrative Services Agreement, TEDRO agreed to serve as a fiduciary for the funds. (Dkt. No. 6 at ¶ 11.) As a fiduciary for the funds, TEDRO had to process annuity applications, pay pension and other benefits, and discharge other duties in connection with the funds. (Dkt. No. 6 at ¶ 11.) According to the Plaintiffs, TEDRO committed numerous errors and

omissions in administering the funds. (Dkt. No. 6 at ¶ 15.) Because they are successors in interest to TEDRO—TEDRO merged with Defendant Healthplan Holdings, Inc. and American Benefit Plan Administrators, Inc. in 2011, and American Benefit Plan Administrators subsequently merged with Defendant Zenith American Solutions, Inc.—the Plaintiffs filed suit against the Defendants. (Dkt. No. 6 at ¶¶ 8, 15.)

This Court grants the Defendants' motion with respect to the Plaintiffs' first claim to the extent it seeks restitution under 29 U.S.C. § 1132(a)(3). But the balance of the claim, which seeks "other relief that this Court deems to be just and equitable," survives. A plaintiff who can show that a defendant breached a fiduciary duty under ERISA that caused harm to the plaintiff "may seek an appropriate equitable remedy including make-whole relief in the form of money damages." Kenseth v. Dean Health Plan, Inc., 722 F.3d 869, 883 (7th Cir. 2013). For example, a plaintiff may seek a surcharge, which is a traditional equitable remedy in the form of monetary compensation for losses caused by a trustee's breach of duty. CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1879-80 (2011); see also Kenseth, 722 F.3d at 883 ("we leave it to the district court in the first instance to fashion the appropriate relief, and to determine whether surcharge or some other equitable remedy is appropriate under the particular circumstances presented here"). Restitution, which is measured by the "defendant's gain or benefit," Pro-Pac, Inc. v. WOW Logistics Co., 721 F.3d 781, 786 (7th Cir. 2013), is not an appropriate remedy here given that the Plaintiffs have not pleaded that the Defendants' reaped gains or benefits that they should not have.

This Court denies the Defendants' motion with respect to the Plaintiffs' second claim, which alleges breach of fiduciary duty under 29 U.S.C. § 1132(a)(2). The Defendants claim that the Plaintiffs' claim is time-barred. The Defendants make the same argument with respect to the Plaintiffs' claims under 29 U.S.C. § 1132(a)(3). Under 29 U.S.C. § 1113, a plaintiff has six years from the last action that constituted a part of the breach or three years from the earliest date the plaintiff had actual knowledge of the breach or violation (except in the case of fraud or concealment) to file suit. Laskin v. Siegel, 728 F.3d 731, 734 (7th Cir. 2013).

Here, the Defendants urge this Court to consider the employment benefit plans, which purportedly establish the Plaintiffs' knowledge of the Defendants' breach based on provisions requiring regular review of the administration of the plans. It is true that this Court may consider the employment benefit plans in deciding a motion to dismiss. Citadel Group Ltd. V. Washington Regional Medical Center, 692 F.3d 580, 591 (7th Cir. 2012) ("In deciding a motion to dismiss for failure to state a claim we may consider documents attached to or referenced in the pleading if they are central to the claim."). But those documents do not warrant dismissal at this stage in the action.

A complaint does not have to anticipate and overcome affirmative defenses such as the statute of limitations. Cancer Foundation, Inc. v. Cerberus Capital Management, LP, 559 F.3d 671, 674-75 (7th Cir. 2009). Here, the First Amended Complaint is silent as to when the Plaintiffs learned of the breach. And to find in the Defendants' favor would require this Court to draw inferences against the Plaintiffs, which this Court cannot do at this stage in the action. Therefore, this Court denies the Defendants' motion to dismiss the Plaintiffs' ERISA claims as time-barred.

This Court grants the Defendants' motion with respect to the Plaintiffs' third and fourth claims because ERISA preempts the Plaintiffs' state-law claims for breach of contract and professional negligence. Both of these claims stem from an Administrative Services Agreement between the

Board of Trustees of the Iron Workers St. Louis District Council Annuity Fund and TEDRO & Associates. (See Dkt. No. 6-1 at 1.) The gravamen of each of the Plaintiffs' state-law claims is that the Defendants failed to administer the Fund in accordance with the Administrative Services Agreement. (See Dkt. No. 6 at ¶¶ 34-35, 43-44.) For example, the Administrative Services Agreement required TEDRO to "[d]etermine eligibility according to the rules and records of the Fund," to [d]istribute applications and claim forms and, generally assist eligible employees to obtain benefits," and to "[a]dminister the Annuity Plan in accordance with the Plan documents." (Dkt. No. 6-1 at 3.) According to the First Amended Complaint, TEDRO failed at several of these tasks. (See Dkt. No. 6 at ¶¶ 35 and 44.)

"ERISA preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered under ERISA." Kolbe & Kolbe Health & Welfare Benefit Plan v. Medical College of Wisconsin, Inc., 657 F.3d 496, 504 (7th Cir. 2011) (quoting 29 U.S.C. § 1144). "A law 'relates to' an employee benefit plans if it has a connection with or reference to such a plan." Id. Although § 1144 does not preempt a state-law claim merely because it requires a cursory examination of an employee benefit plan covered by ERISA, it does preempt any state-law claim that requires the interpretation or application of an employee benefit plan covered by ERISA. Id. One instance in which § 1144 applies is where a state law provides an alternative enforcement mechanism to ERISA. Trustees of AFTRA Health Fund v. Biondi, 303 F.3d 765, 775 (7th Cir. 2002). A state law provides an alternative enforcement mechanism to ERISA if an employee benefit plan is a critical element of a state-law cause of action or the state statute contains provisions that expressly refer to ERISA or ERISA plans. Id. at 776.

Here, the employee benefit plan is critical to the Plaintiffs' state-law claims. Under the Administrative Services Agreement, TEDRO agreed to serve as the Fund's Administrative Manager and undertook a number of responsibilities with respect to the plan. (Dkt. No. 6-1 at 1.) Those responsibilities required the interpretation and application of the "rules and records of the Fund." (Dkt. No. 6-1 at 3.) Dissatisfied with TEDRO's performance, the Plaintiffs seek to recover under state-law causes of action for breach of contract and professional negligence. But these claims mirror 29 U.S.C. § 1109, which establishes liability for a "fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed . . . ." Consequently, allowing the Plaintiffs' state-law claims to proceed would provide an alternative enforcement mechanism to ERISA. Therefore, ERISA preempts the Plaintiffs' state-law claims.

Contrary to the Plaintiffs' arguments, this is not a case where the state-law claims require only a cursory examination of the employee benefit plan. Rather, the Administrative Services Agreement not only references "the Fund" but also requires the Administrative Manager to interpret and apply the rules and records of the Fund. Indeed, the Plaintiffs' state-law claims rely on allegations that the Defendants' failed to correctly calculate and pay out benefits to plan participants. (Dkt. No. 6 at ¶ 35 (referencing ¶ 15).) Such allegations distinguish this case from Kolbe, where the plaintiff based its state-law breach of contract claim on an agreement between medical providers to bill an employee benefit plan only for services provided to covered persons because the medical providers billed the plan for services provided to an uncovered person. See Kolbe, 657 F.3d at 500. The same is true for Biondi, where the plaintiff based its state-law fraud claim on a participant's concealment of his divorce, which allowed the participant's spouse to fraudulently receive benefits under the plan. See Biondi, 303 F.3d at 781. In contrast to this case, which requires a determination as to whether TEDRO administered the Fund according to the terms of the Fund, neither Kolbe nor Biondi involved state-law claims that related to an

employee benefit plan in any significant way. Kolbe 657 F.3d at 504 ("this case does not require interpreting or applying the Plan, nor does it relate to the Plan in any significant way"); Biondi, 303 F.3d at 781 ("to the extent the Plan's provisions are to be examined, it is only done to determine whether the Trustees have established that Biondi had a duty under tort law not to conceal his divorce from the Fund").

For these reasons, this Court dismisses the Plaintiffs' breach of contract and professional negligence claims as preempted by ERISA.

Date:  7/17/2014

Virginia M. Kendall
United States District Judge